Koretz v 363 E. 76th St. Corp. (2024 NY Slip Op 05185)

Koretz v 363 E. 76th St. Corp.

2024 NY Slip Op 05185

Decided on October 22, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 22, 2024

Before: Webber, J.P., Friedman, Mendez, Shulman, O'Neill Levy, JJ. 

Index No. 656255/17 Appeal No. 2861 Case No. 2023-05024 

[*1]James Koretz, Plaintiff-Appellant,
v
363 East 76th Street Corporation, Defendant-Respondent.

Adam Leitman Bailey, P.C., New York (Jeffrey R. Metz of counsel), for appellant.
Cullen and Dykman LLP, Uniondale (Michael B. Weiss of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about June 22, 2023, which, to the extent appealed as limited by the briefs, denied plaintiff's motion for summary judgment on his first and fourth claims for breach of contract and declaratory relief as to his rights under the parties' proprietary lease and supplement, and granted defendant's cross-motion for summary judgment dismissing the first and fourth claims, unanimously affirmed, without costs.
This Court previously determined that the scope of plaintiff's right to use the yard leading to the separate entrance to his dental office on the first floor of defendant-cooperative's building was ambiguous under the terms of the supplement to the proprietary lease between the parties and warranted resort to extrinsic evidence to resolve the dispute (Koretz v 363 E. 76th St. Corp., 178 AD3d 445 [1st Dept 2019]). Following discovery, in determining plaintiff's motion and the cooperative's cross-motion for summary judgment under CPLR 3212 on plaintiff's breach of contract and declaratory judgment claims, the motion court properly concluded that the extrinsic evidence established that the parties intended to permit plaintiff to have exclusive use of the entrance but not the surrounding land, including the location of the disputed ramp (see e.g. Fairmont Tenants Corp. v Braff, 162 AD3d 442, 442 [1st Dept 2018] [extrinsic evidence properly considered to conclude there was "no outdoor space allocated exclusively to defendants' apartment"]).
Contrary to plaintiff's contention, the motion court correctly determined that this was consonant with the use of the word "entrance" in the cooperative's appraisal report for the professional apartment to mean "doorway" rather than the entire pathway through the courtyard (see Riverside S. Planning Corp. v CRP/Extell Riverside, L.P., 60 AD3d 61, 66 [1st Dept 2008], affd 13 NY3d 398 [2009] ; compare Prospect Owners Corp. v Sandmeyer, 62 AD3d 601, 603 [1st Dept 2009]). Accordingly, we agree with the motion court that none of the extrinsic evidence reflected any intention to expand plaintiff's rights beyond use of the side entrance.
Furthermore, the claim for declaratory relief was properly dismissed since it "is essentially duplicative of the contract claim. . .and [thus,] there is no need for a declaration in defendant's favor" (KNIC LLC v New York City Economic Dev. Corp., 198 AD3d 481, 482 [1st Dept 2021]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2024